IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T-MOBILE US, INC., *et al,* | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2478 |
| | § | |
| AIO WIRELESS LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The court has reviewed Aio's post-hearing brief; T-Mobile's response; and the related submissions. Based on the review so far, the court does not alter its tentative rulings that T-Mobile has established a secondary meaning for its use of Pantone Process Magenta and that some of Aio's uses of Pantone 676 C create a likelihood of confusion that warrants some relief.

The post-hearing briefs have raised questions about the appropriate scope of any preliminary injunction the court might issue. No later than **December 16, 2013**, the parties are to file, in no more than 10 pages, answers to the following questions.

    A.    Questions for Aio.

    1.    When will Aio complete the in-store changes identified in its post-hearing brief?

    2.    During the last day of the hearing, T-Mobile indicated that it was concerned with Aio's holiday television commercials. Aio states that its holiday commercials have been "tweaked" to "better conform" to other Aio marketing changes. To what extent does this "tweak" involve altering the use of Pantone 676 C?

    3.    Is Aio committed to changing its holiday commercial advertising and marketing other than the in-store finishes and

        television commercials identified in Aio's post-hearing brief? Specifically, is Aio committed to pallette-related changes for its web page or for such other advertising media as print ads, vehicle markings, and branded items such as clothing?

4. Assuming that the court adheres to its tentative findings, and assuming that the in-store changes and other changes Aio has identified do not moot the request for injunctive relief, would Aio object to an injunction that requires the changes Aio is committed to implement and forbids the use of large monochromatic swaths of Pantone 676 C? The court is not asking about objections to the liability findings that Aio has already explained in detail. Rather, the court is asking whether, if the scope of any preliminary injunction essentially tracked the types of changes Aio is implementing or is committed to implementing, what are the grounds for objection?

B. Questions for T-Mobile

1. If the court requires Aio to make the in-store changes it has outlined in its brief and generally to refrain from using large monochromatic swaths of Pantone 676 C in marketing and advertising materials and on the web page, what is an appropriate bond?

2. Would such an injunction be adequate? If not, what more is needed? What would be the appropriate bond for such a broader injunction?

SIGNED on December 10, 2013, at Houston, Texas.

                                                Lee H. Rosenthal
                                             United States District Judge