**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| T-MOBILE US, INC., *et al.,* | § § § | |
| v. | § | CIVIL ACTION NO. H-13-2478 |
| AIO WIRELESS LLC, | § § § § | |

**ORDER OF INJUNCTION**

T-Mobile US, Inc., T-Mobile USA, Inc. and Deutsche Telekom AG (together, "T-Mobile"), sued Aio Wireless LLC ("Aio") under the Lanham Act, 15 U.S.C. § 1125, alleging that Aio's use of the plum color known as Pantone 676C infringes T-Mobile's trademarked use of the color known as Pantone Process Magenta. T-Mobile applied for a preliminary injunction to stop Aio from using Pantone 676C as a central part of its trade dress to market consumer wireless- telecommunications services and products.

Based on the parties' motions and responses, extensive briefing, submission of voluminous exhibits following discovery, the evidence presented at the hearing, the arguments of counsel, and the applicable law, this court has entered findings of fact and conclusions of law. The court found and concluded that T-Mobile has shown a substantial likelihood of success on the merits of its claim that Aio's use of large blocks or swaths of Pantone 676C in its marketing and store design is confusingly similar to, and infringing of, T-Mobile's use of large blocks or swaths of Pantone Process Magenta in its marketing and store design. The court also found and concluded that T-Mobile has shown a substantial threat of irreparable injury if the injunction is not issued, outweighing the harm that an injunction will cause Aio, and that the injunction will not disserve the public interest.

Based on these findings and conclusions, the court orders that Aio Wireless LLC, its agents, employees, representatives, affiliates, subsidiaries, successors with notice of this order, are enjoined from using large blocks or swaths of Pantone 676C or similar shade, in marketing and advertising, and including but not limited to in-store design, displays, and appearance; television, electronic, and movie commercials; print advertisements; billboards; websites; social media websites; and other promotional materials.

T-Mobile must post a bond as a condition for the issuance of the injunction. FED. R. CIV. PRO. 65(c). Based on the parties' arguments and the record, including the evidence of the steps Aio has already taken to reduce its uses of Pantone Process 676C that this court has found confusingly similar to T-Mobile's and violative of the Lanham Act, this court finds and concludes that a $500,000 bond is appropriate. Aio's projections of higher costs are speculative and do not adequately take into account the voluntary changes already implemented or planed. AT&T has also indicated that unrelated changes to its corporate structure may result in wholesale changes to its marketing, including the colors it uses. Although the court concludes that a $500,000 bond is appropriate and sufficient, if Aio can show a need for increasing it, Aio may move separately for that relief. *See TGI Friday's Inc. v. Great Northwest Rest. Inc.*, 652 F. Supp. 2d 763, 774 (N.D. Tex. 2009) (citing *Gryphon Master Fund, L.P. v. Path 1 Network Techs., Inc.*, 06-cv-107D, 2007 WL 1723703, at *8 (N.D. Tex. June 14, 2007)).

Aio's motion for a stay pending an appeal is denied.

SIGNED on January 22, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge